UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VALERIE GROSS and SARA GROSS,

       Plaintiffs,                          Case No. 4:06-cv-100

v.                                             HON. JANET T. NEFF

CHARTER TOWNSHIP OF LINCOLN,
JAMES L. PHEIFER, DICK STAUFFER,
SCOTT DIENES, and HOLLERBACH
EXCAVATING, INC.,

       Defendants.

_____/


## OPINION

Plaintiffs filed this action alleging that defendants violated plaintiffs' civil rights, 42 U.S.C. § 1983, by failing to give plaintiffs notice and a right to appeal before demolishing a house and a commercial building that were the subject of property code violations.[1] (Compl, ¶ 5). The matter is presently before the Court on defendants' motion for summary judgment (Dkt # 23), pursuant to FED. R. CIV. P. 56(b). For the reasons that follow, defendants' motion for summary judgment is granted.

---

[1] Plaintiffs are proceeding pro se in this action, and although they do not reference any legal authority in their pleadings, their complaint states that their "civil rights were violated," and more specifically, that they were denied notice and their right to appeal. (Compl, ¶¶ 3, 5, 11).

I

Plaintiff Valerie Gross ("Valerie") and her daughter, plaintiff Sara Gross ("Sara"), had an ownership interest[2] in a parcel of property on Red Arrow Highway in Stevensville, Michigan, which contained a commercial building, (4272 Red Arrow Hwy) formerly known as Monet's coffee house, and a house (4280 Red Arrow Hwy).. (Pl's Response, mot for ex parte order Ex; Df's Mot, Ex 2).[3] The buildings were in disrepair, had not had electrical service for several years, and had been the subject of citizen and Berrien County Health Department complaints, and previous citations and code enforcement action by the Township since at least 1997. (Pl's Response, Crown Pointe Senior Living Community complaint ltr; Df's Mot, Ex 2).

On July 12, 2005, the Township building code official/zoning administrator, defendant James Pheifer, issued a notice of "Property Code Violation per International Property Maintenance Code 2003" (IPMC),[4] indicating that the structures were beyond repair and must be demolished before August 15, 2005. (Df's Mot, Pheifer Aff, Ex 7). The notice listed five sections of the IPMC that were violated, stating the respective conditions:

§ 108.1.3   Both structures are unfit for human occupancy. The buildings are in total disrepair some areas are near collapse, they are a fire hazard and lack structural integrity

§ 302.4   Weeds and plant growth exceeding 6"

---

[2] Defendants indicate that plaintiffs were land contract vendees of the property and that the record title owner was Warren Rhoads, as trustee of the Warren Rhoads Trust. Plaintiffs state that the property was deeded to Rhoads in exchange for a loan. Either way, the ownership of the property has no direct bearing on the issues presented.

[3] Plaintiffs have filed lengthy pleadings with numerous exhibits, but because the documents do not have page or exhibit numbers, this opinion will generally reference plaintiffs' documents by name only.

[4] There is no dispute that the IPMC was adopted by the Township and governs this case.

   § 304.7   Roofs and drainage in disrepair

   § 304.10  Front porch is about to collapse

   § 307.1   Accumulation of rubbish or garbage

The notice stated in large type: "<u>This Structure is Unsafe and Its Occupancy Has Been Prohibited by the Code Official of Lincoln Charter Township</u>." The notice then stated that plaintiffs (and title holder Rhoads) were ordered to take the following corrective action to bring the property into compliance with the code:

> The structures are beyond repair and must be demolished, the weeds must be mowed, and all debris removed from site.

The notice concluded by stating the deadline for corrective action and indicating a right to appeal:

> You must complete this corrective action on or before August 15th 2005 or the Township will take action to further enforce the code. You have the right to appeal this decision pursuant to the code. You may contact the Township's Building Department with any questions you have concerning this notice.

Following plaintiffs' failure to take corrective action in response to the notice, the Township hired defendant Hollerbach Excavating to demolish the buildings on August 17, 2005. (Df's Mot, Pheifer Aff, ¶¶ 18, 22, 23.)

  After being denied a temporary restraining order by the Berrien Circuit Court,[5] plaintiffs filed this action, alleging that the demolition of the buildings violated their civil rights because they were not given proper notice of the demolition or a right to appeal. (Compl; Pl's Response, "Motion for Ex Parte Order to Show Cause for Demolition and Temporary Restraining Order from Demolition" filed August 16, 2005 and Berrien Circuit Court Order entered August 30, 2005.) Plaintiffs state

---

[5] The court denied plaintiffs' request for a temporary restraining order, stating that the court had reviewed the pleadings and found that plaintiffs' claims were very "unlikely to prevail on the merits and that 'Defendant' [sic, plaintiffs] had waited until the 11th hour to file this action … despite ample notice that demolition was scheduled …"

that the buildings contained millions of dollars of collectibles, such as antiques, furniture, baseball cards, glassware, pottery, clothes from the "40's-50's-60's," toys from the "30's-40's-50's-60's" still in the original boxes, and plastic garbage cans filled with at least 10,000 Beanie Babies, for which plaintiffs seek to recover damages.

II

A motion for summary judgment is properly granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). After reviewing the whole record, the Court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

The nonmoving party must present significant probative evidence in support of its complaint to defeat the motion for summary judgment. *Anderson,* 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

Plaintiffs allege a violation of their civil rights under 42 U.S.C. § 1983 based on a violation of their procedural due process rights. To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right secured by the Federal Constitution or laws of the United States, and

4

2) the deprivation was committed by a person while acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Harbin-Bey,* 420 F.3d at 575.

III

Although plaintiffs are clearly distraught at the loss of their alleged possessions, they have failed to show legal merit in their claim that the demolition violated their civil rights. Procedural due process imposes constraints on governmental decisions that deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Fundamental to the right of due process is notice and the opportunity to be heard. *Id*. at 333-34. As defendants observe, "'[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Herrada v. City of Detroit*, 275 F.3d 553, 557 (6th Cir. 2001) (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 13 (1978) (citation omitted)).

Defendants' brief in support of their motion outlines in detail the course of action taken by defendants with respect to the demolition. (Dfs' Brf, pp. 15-17). The brief and supporting documents demonstrate that defendants' actions were constitutionally sufficient with regard to affording plaintiffs notice and the opportunity to be heard. Moreover, plaintiffs' admissions, both in their pleadings and at oral argument, verify that plaintiffs had notice that the buildings must be demolished and that plaintiffs were provided a right to appeal.

Defendants provided notice to plaintiffs by three of four methods under the IPMC, even though the IPMC provides that notice by any one of the methods is sufficient. According to

Pheifer's affidavit, he sent a copy of the notice by first class mail to both Valerie and Sara to their last known address. (Aff, ¶ 12.) He likewise sent a copy by certified mail on July 13, 2005, which Valerie signed as received on July 27, 2005. (Aff Exs 10, 11). On July 12, 2005, Pheifer also posted a copy of the violation notice, in clear plastic folders, on all the exterior doors of both structures on the property. (Aff, ¶ 13.)

Valerie argues that she did not receive the certified mail notice until July 27, 2005, as indicated on the certified mail receipt, and that therefore her attempted appeal on August 12, 2005, was therefore timely (within 20 days of the receipt of the notice). However, Pheifer avers that on July 14, 2005, he returned a telephone message left by Valerie on July 13, 2005, and in his telephone conversation with her, she acknowledged receipt of the violation notice. (Aff, ¶ 15.) Plaintiffs do not dispute this averment, but merely argue that they were told by Pheifer to wait for receipt of the certified letter and then respond.

Additionally, according to Pheifer's affidavit, between July 12, 2005, and August 17, 2005, he had several personal discussions, phone conversations, and voice-mail exchanges with Valerie concerning her receipt of the code violation notice and the Township's intended enforcement. (Aff, ¶ 17). Plaintiffs do not deny these conversations. During these conversations, he advised and/or reminded Valerie of her right under the IPMC to appeal Pheifer's decision to the Board of Appeals. (Aff, ¶ 17). During one initial visit from Valerie, Pheifer gave her a copy of the IPMC, which under § 111 defined her right of appeal and the appeal process. Section 111 provides in relevant part:

> Any person directly affected by a decision of the code official or a notice or order issued under this code shall have the right to appeal to the board of appeals, provided that a written application for appeal is filed within 20 days after the day the decision, notice or order was served. [IPMC, § 111.1.]

6

Even if plaintiffs did not receive notice that the buildings must be demolished or of their right of appeal through their conversations with Pheifer, or via the mailed letters, their claim still fails. Plaintiffs admit that the notice of the code violation was posted at the Red Arrow property at the time stated by defendants, i.e., July 12, 2005. Accordingly, plaintiffs had actual notice of the code violation, which stated that the buildings must be demolished by August 15, 2005, and that plaintiffs had a right of appeal. They failed to timely pursue that right of appeal.

Plaintiffs' complaint that only Valerie was provided notice is based on the fact that the certified mail receipt has Sara's name crossed out. Even if Sara did not receive the certified mailing of the notice, two additional methods were used to provide notice to Sara, i.e., first-class mailing and posting of the notice, and plaintiffs concede that they had notice of the posting.

IV

Plaintiffs' due process claim fails because contrary to plaintiffs' assertions, they were given ample notice and an opportunity to be heard regarding the township's determination that the buildings must be demolished. See *Davet v. City of Cleveland*, 456 F.3d 549, 552 (6th Cir. 2006). The evidence does not present a sufficient disagreement concerning plaintiffs' civil rights claim to require submission to a jury, and thus, defendants are entitled to summary judgment. See *Booker*, 879 F.2d at 1310. Given the conclusion that plaintiffs' due process claim fails, it is unnecessary to address the various individual defendants' claims of immunity. Defendants' motion for summary judgment is granted, and the case is dismissed.

DATED: November 9, 2007            /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge